IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL DALE MARVEL                                                                                    PLAINTIFF

v.                                       Civil No. 2:18-CV-02213

DEPUTY P.A. TYLER BARHAM, PUBLIC                                                                   DEFENDANTS
DEFENDER AUBREY BARR, SCOTT
COUNTY SHERIFF'S OFFICE, SCOTT
COUNTY PROSECUTOR'S OFFICE

**ORDER**

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any Complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on December 28, 2018. (ECF No. 1). Plaintiff is currently incarcerated in the Scott County Detention Center and awaiting trial on his current charges. (ECF No. 1 at 2-3). He alleges Defendant Barham, the Scott County Sheriff's Office, and the Scott County Prosecutor's Office "wrongfully charged" him with a failure to register in Arkansas. (*Id*. at 4). He alleges he had informed the Sheriff's Office he was moving to Oklahoma, had registered in Oklahoma, and the warrant listed his address in Oklahoma. (*Id*.). Plaintiff specifically alleges:

> The above defendants stated filed a failure to register warrant for me in Oct. 2016 while I was living and registered in the State of Oklahoma in Aug/Sept 2016. The Prosecuting Office and Sheriff[']s Office was aware of this because (1) I informed the Sheriff's Office where I was moving and gave them the address, (2) on the

1

Affidavit for Warrant it states the address where I was living and registered in Oklahoma. The Sheriff[']s Office either didn't put information into the system or didn't put the information in correctly which caused them to file a warrant after the fact. Or the Sheriff[']s Office and Prosecutor took it upon themselves to file for a warrant. (*Id*. at 4-5).
Plaintiff proceeds against these Defendants in both official and personal capacity. (*Id*.).

Plaintiff further alleges Defendant Barr has provided inadequate legal services as his appointed public defender. (*Id*. at 5). Plaintiff proceeds against Defendant Barr in her personal capacity only. (*Id*.).

Plaintiff seeks compensatory and punitive damages. (*Id*. at 7).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

### A. Scott County Sheriff's Office and Scott County Prosecutor's Office

These offices are not persons or legal entities subject to suit under § 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Young v. Hot Springs Police Dept.*, Case No. 6:16-CV-06062, 2016 WL 10655521, at *3 (W.D. Ark. Sept. 2, 2016), *aff'd*, 697 F. App'x 469 (8th Cir. 2017) (Prosecuting attorney's office not subject to suit); *Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993) (jail not subject to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) ("jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987) (sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 863 F.2d 1017 (8th Cir. 1989).

### B. Public Defender Barr

Plaintiff's claim against his court-appointed Public Defender for inadequate legal assistance is subject to dismissal. A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Thus, when the claim is merely that the public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983. *See Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976) (conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

### C. Official Capacity Claims

Plaintiff failed to state any cognizable official capacity claims. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed

3

the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914.

Plaintiff failed to identify any custom or policy of Scott County which violated his rights. He therefore failed to state any cognizable official capacity claims.

### D. Defendant Barham

This leaves Plaintiff's claim that he was "wrongfully charged" by Defendant Barham. To the extent this can be interpreted as a claim of malicious prosecution, it is subject to dismissal. The "Constitution does not mention malicious prosecution." *Kurtz v. City of Shrewsbury,* 245 F.3d 753, 758 (8th Cir. 2001). The Eighth Circuit has "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Id.*

To the extent this claim can be interpreted as one for false arrest, the Court must abstain from hearing the case until the pending criminal trial is fully resolved. Pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of

enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010); *see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010). "If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Night Clubs, Inc. v. City of Ft. Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998) (*quoting Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

When only equitable relief is sought, *Younger* "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973) (a § 1983 case involving only injunctive relief, and not damages). In cases where damages are sought, the Eighth Circuit has noted that the Supreme Court instructs that traditional abstention principles generally require a stay as the appropriate mode of abstention rather than a dismissal. *Night Clubs, Inc.*, 163 F. 3d at 481. In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), the Court said:

> In those cases in which we have applied traditional abstention principles to damages actions, we have only permitted a federal court to withhold action until the state proceedings have concluded, that is, we have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether.

*Id*. at 730. Because Plaintiff seeks only monetary damages, it is appropriate to stay Plaintiff's case at this time.

## IV. CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's claims against all Defendants except Defendant Barham are DISMISSED WITH PREJUDICE; Plaintiff's claim for malicious prosecution against Defendant Barham is DISMISSED WITH PREJUDICE; and, Plaintiff's claim against Defendant Barham for false arrest is STAYED and ADMINSTRATIVELY

TERMINATED pending the resolution of Plaintiff's state criminal case. Plaintiff will have thirty (30) days after the final resolution of his pending criminal case to file a Motion to Reopen this case. Failure to file the Motion by the deadline will result in the summary dismissal of this case.

IT IS SO ORDERED this 26th day of February 2019.

/s/ P. K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE